# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
February 3, 2026

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**SHAUN PLATTHY,**
**Respondent Below, Petitioner**

**v.) No. 25-ICA-288**          (Fam. Ct. Mingo Cnty. Case No. FC-30-2022-D-18)

**TONYA PLATTHY,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Shaun Platthy ("Husband") appeals the Family Court of Mingo County's July 2, 2025, order directing the immediate transfer of the parties' marital real property to the Respondent, Tonya Platthy ("Wife"). Wife responded in support of the family court's decision.[1] Husband filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were divorced by an agreed final divorce order entered on August 31, 2022. Prior to the entry of the divorce, the parties entered into a mediated property agreement ("Agreement"), dated August 5, 2022. The family court incorporated by reference the parties' Agreement in the agreed final divorce order, as if set forth verbatim. As part of the Agreement, Husband would refinance a Small Business Administration ("SBA") loan for the parties' ATV lodge, Fox Run Resort ("Lodge"), and a convenience store, Countryside Market ("Store"), within ninety days of the entry of the divorce order. Under the Agreement Wife would be held harmless for the $160,000 business debt, a $10,000 credit card debt, and Husband would pay Wife $30,000 to equalize equitable distribution. If Husband were unable to refinance, the parties agreed that he would transfer both the Lodge and the Store to Wife.

When Husband failed to comply with the Agreement, Wife filed a petition to enforce the divorce order and a petition for contempt and rule to show cause on May 8,

---

[1] Husband is represented by Michael T. Clifford, Esq. Wife is represented by Mark W. Kelley, Esq.

2023. The family court conducted a hearing on Wife's petition on July 11, 2023. At that hearing, the court did not hold Husband in contempt but ordered him to comply with the Agreement. The court orally rescheduled the hearing for September 7, 2023, but did not enter a written order from this hearing. Husband failed to appear for the hearing on September 7, 2023, and the court rescheduled the proceeding for September 18, 2023. However, Husband again failed to appear on that date. The family court granted Wife's petitions and rule to show cause by final order entered September 22, 2023, finding Husband in contumacious contempt and granting him the opportunity to purge himself of contempt by complying with the court's order within thirty days.[2] Further, the court provided that in the event Husband failed to comply with its orders and purge himself of contempt, the court ordered Husband to immediately transfer the Store and Lodge to Wife for her sole use, ownership, and possession and Husband would be incarcerated until he purged himself of contempt. The court further ordered Husband to pay Wife $5,000 in attorney fees within thirty days. The court mailed the order to Husband at both addresses on file and he never appealed.

Husband failed to purge his contempt within thirty days. On November 13, 2023, Wife filed a petition to appoint a special commissioner to assist with the transfer of property to her and to incarcerate Husband for his noncompliance. The family court scheduled a hearing on Wife's petition for January 23, 2024.

On January 22, 2024, the day before the hearing, Husband filed a response to Wife's petition, arguing that he did not receive the September 22, 2023, final order or any of Wife's petitions, and that Wife informed him of the recent events after a chance encounter with her in public. Husband further asserted that he had satisfied the $10,000 debt and had reached out to Wife's counsel numerous times for Wife's assistance in refinancing the businesses.

The parties appeared for another hearing on January 29, 2024. In its order entered April 25, 2024, the family court found that Husband purged his contempt by paying the $30,000 owed to Wife, the $5,000 for attorney fees, the $10,000 in credit card debt, and the parties had met to begin the refinancing process. By this same order, the court scheduled a status hearing to be held on April 30, 2024. Thereafter, the court scheduled and continued multiple status hearings over the course of the next two years.

The family court held another hearing on Wife's petition to enforce the divorce petition and to appoint a special commissioner on June 17, 2025. At that hearing, Wife

---

[2] West Virginia Code § 51-2A-9(b) (2012) states that contempt sanctions "must give the contemnor an opportunity to purge himself or herself."

moved the court to review the case and issue a ruling on the outstanding matters. Husband responded that he had no objection if he could supplement the court's file within the next seven days. The court heard no testimony at this hearing. Husband filed supplemental disclosures showing that he had applied for financing with four different lenders, but the lenders denied his applications. By order entered July 2, 2025, the family court found that Husband remained in contempt as he still had not refinanced the SBA loan and ordered Husband to immediately transfer and convey both the Lodge and the Store to Wife by execution of a general warranty deed within ten days. The court further ordered that if Husband failed to execute the deed, he would be subjected to the contempt powers of the court, and the court would appoint a special commissioner to sign the deed in place of Husband. The court ordered Wife's counsel to prepare the deed. Husband now appeals the July 2, 2025, order.

For these matters, we apply the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Husband contends that the family court erred by conducting a final hearing on June 17, 2025, because he did not receive notice that it would be a final hearing. This argument lacks merit.

First, the June 17, 2025, hearing concerned Wife's motion to enforce the September 22, 2023, final order, and to appoint a special commissioner to assist with the transfer of property after Husband had failed to comply with the court's orders. Therefore, Husband had reasonable notice of the hearing's subject matter. Second, Husband never appealed the September 22, 2023, order, nor did he file a motion for reconsideration with the court. Third, Husband had nearly three years to fulfill his obligations under the Agreement, even though the Agreement required him to do so within only ninety days (following the entry of the August 31, 2022, divorce order). Additionally, the record reflects that during the June 17, 2025, hearing, Husband told the court that he had no objection to the court ruling on the matter if the court permitted him to file supplemental documentation within the following seven days, which he did.

The Supreme Court of Appeals of West Virginia has consistently held that "[o]nce a competent party makes a settlement and acts affirmatively to enter into such settlement, his second thoughts at a later time as to the wisdom of the settlement does not constitute good cause for setting it aside." *See Moreland v. Suttmiller*, 183 W. Va. 621, 625, 397 S.E.2d 910, 914 (1990). Here, Husband agreed to transfer the properties to Wife if he were unable to refinance the debt associated with them within ninety days of the entry of the divorce order. After Husband was initially unable to refinance, the family court granted him substantial additional time to attempt to refinance the debt owed on the properties. Then, during the June 17, 2025, hearing, Husband agreed to the family court issuing a ruling on Wife's motion to enforce the September 22, 2023, order. Husband's regret does not warrant good cause to set aside the parties' Agreement which the family court adopted and ordered.

Additionally, a family court may enforce a lawful order by use of its contempt powers. The record reflects that the family court acted in accordance with West Virginia Code § 51-2A-9(b) (2012)[3] and provided Husband the opportunity to purge himself of contempt. *See Hoylman v. Hoylman*, No. 22-ICA-146, 2023 WL 1463945 (W. Va. Ct. App. Feb. 2, 2023) (memorandum decision).

For these reasons, we conclude that the family court did not err or abuse its discretion by ordering Husband to transfer the Lodge and Store to Wife after it had granted Husband substantial time to refinance the properties pursuant to the parties' Agreement and the final divorce order.

Accordingly, we affirm the family court's July 2, 2025, order.

Affirmed.

---

[3] West Virginia Code § 51-2A-9(b) provides as follows:

A family court judge may enforce compliance with his or her lawful orders with remedial or coercive sanctions designed to compensate a complainant for losses sustained and to coerce obedience for the benefit of the complainant. Sanctions must give the contemnor an opportunity to purge himself or herself. In selecting sanctions, the court must use the least possible power adequate to the end proposed. A person who lacks the present ability to comply with the order of the court may not be confined for a civil contempt. Sanctions may include, but are not limited to, seizure or impoundment of property to secure compliance with a prior order. Ancillary relief may provide for an award of attorney's fees.

**ISSUED:** February 3, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White